UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Jacob Forcier,

    Plaintiff,

    v.                          Civil Action No. 2:16-cv-268-cr-jmc

Vermont Department of Corrections,

    Defendant.

### REPORT AND RECOMMENDATION
(Doc. 6)

On September 8, 2016, Plaintiff Jacob Forcier, proceeding *pro se*, commenced this suit in Vermont state court, claiming that Defendant, the Vermont Department of Corrections (DOC), failed to make proper accommodations for Native American inmates when it denied Forcier's right to a sweat lodge.  (Doc. 1-1; Doc. 1-2 at 2.) Construing Forcier's claim as an allegation brought under 42 U.S.C. § 1983 that the DOC violated Forcier's free exercise rights under the First Amendment, the DOC properly removed the case to this Court on October 6, 2016.  (Doc. 1.)  At the time the case was removed, Forcier had not yet completed service of process on the DOC. (*See generally* Doc. 1-1.)  As of this date, Forcier has not served the DOC.

Pursuant to 28 U.S.C. § 1448, once a case has been removed, a plaintiff must serve any defendant who has not been properly served with process in state court. The Federal Rules of Civil Procedure require service to be made in accordance with

state law where the district is located,[1] or in accordance with federal requirements. Fed. R. Civ. P. 4(e). Once an action has been removed, proper service requires the plaintiff to serve the summons and a copy of the complaint on the defendant. Fed. R. Civ. P. 4(c), (m). A plaintiff may request that the defendant waive service, Fed. R. Civ. P. 4(d); however, if the defendant does not waive service,[2] the plaintiff must provide proof of service to the court. Fed. R. Civ. P. 4(l). Finally, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

Here, as noted above, prior to this case being removed, Forcier had yet to effect service on the DOC. Thus, under 28 U.S.C. § 1448, he was required to serve the DOC after this case was removed and, under Fed. R. Civ. P. 4(m), he was required to effect that service within 90 days. Although this Court has received a waiver of service along with a Complaint, (Doc. 6-2), the waiver of service has not been signed by the DOC. (*Id.*) Further, Forcier did not submit any alternative proof of service to this Court.

---

[1] The Vermont Rules of Civil Procedure for service of process largely mirror the Federal Rules. *See* Vt. R. Civ. P. 4.

[2] If the defendant fails to execute the waiver of service "without good cause," the court must order the defendant to pay "the expenses later incurred in making service" and "the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." Fed. R. Civ. P. 4(d)(2).

Subsequently, on May 25, 2018—almost two years after the case was removed—this Court issued an Order directing Forcier to show cause for his failure to serve the DOC within 90 days of removal from state court, as required by Rule 4(m).  (Doc. 10.)  The Order further indicated that failure to show cause within 14 days of the Order could result in dismissal without prejudice.  (*Id.*); *see also Thompson v. Maldonado*, 309 F.3d 107, 110 (2d Cir. 2002) (requiring the district court to give prior notice before dismissing a case pursuant to Rule 4(m)).  More than 14 days have passed since the Order issued and Forcier has not contacted the Court to show cause, nor has Forcier completed service on the DOC.  Given the complete lack of response from Forcier, dismissal without prejudice is warranted under Rule 4(m).

Further, beyond Forcier's lack of response, two other procedural considerations support dismissal without prejudice.  First, the DOC's removal of this action did not constitute a waiver of service of process.  *DiCesare-Engler Prods., Inc. v. Mainman Ltd.*, 421 F. Supp. 116, 121 (W.D. Pa. 1976) ("[N]either defendants' removal of the action to this court nor their several motions attacking jurisdiction constitute a waiver of defects in service of process."); *see also Wabash W. Ry. v. Brow*, 164 U.S. 271, 279 (1896) ("By the exercise of the right of removal, the petitioner refuses to permit the state court to deal with the case in any way, because he prefers another forum, to which the law gives him the right to resort.").  Practically, absent perfected service or waiver of service, the Court lacks jurisdiction over the DOC and cannot consider the merits of Forcier's Complaint.

*Ford Motor Co. v. Russian Fed'n*, No. 09 Civ. 1646(JGK), 2009 WL 5033953, at *1 (S.D.N.Y. Dec. 23, 2009) ("There must be both proper service of process and subject matter jurisdiction for this Court to have personal jurisdiction over the defendant."). Second, according to Forcier's Complaint, the purported constitutional violation accrued in approximately July 2016. Thus, dismissal of Forcier's Complaint without prejudice does not appear to implicate the three-year statute of limitations under 42 U.S.C. § 1983. *Harper v. City of New York*, 424 F. App'x 36, 40 (2d Cir. 2011) (observing district court focused on dismissal of claim that "would have more serious consequences than the dismissal of . . . other claims because dismissal without prejudice under Rule 4(m) would result in dismissal with prejudice, as the statute of limitations for that claim had expired" (internal quotation marks omitted)); *see also Brewer v. Hashim*, Civil Action No. 2:16-cv-326-jmc, 2017 WL 2787622, at *8 (D. Vt. June 27, 2017) ("[Section] 1983 actions that are filed in Vermont . . . are subject to Vermont's three-year statute of limitations for personal injury actions.").

Accordingly, for the reasons set forth above, I recommend that Forcier's Complaint be DIMISSED, without prejudice, for failure to serve the DOC within 90 days of removal to federal court, as required by Rule 4(m).

Dated at Burlington, in the District of Vermont, this 25th of July 2018.

                                          /s/ John M. Conroy
                                          John M. Conroy
                                          United States Magistrate Judge

Any party may object to this Report and Recommendation within 14 days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).