U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2018 NOV -1 AM 9: 36

CLERK
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

JACOB FORCIER,

    Plaintiff,

v.

VERMONT DEPARTMENT OF
CORRECTIONS,

    Defendant.

Case No. 2:16-cv-268

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**
(Docs. 6 & 11)

This matter came before the court for a review of the Magistrate Judge's July 25, 2018 Report and Recommendation ("R & R") (Doc. 11), in which he recommended that the court dismiss Plaintiff Jacob Forcier's Complaint for failure to properly serve Defendant Vermont Department of Corrections. (Doc. 6.) Neither party has filed an objection to the R & R, and the time period to do so has expired.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

On September 8, 2016, Plaintiff, an inmate committed to Defendant's custody and control, filed a Complaint in the Vermont Superior Court, Civil Division, alleging

Defendant violated the rights of American Indians by denying access to a sweat lodge in violation of the First Amendment to the United States Constitution. The Vermont Superior Court forwarded a copy of Plaintiff's Complaint to Defendant by letter dated September 9, 2016. Defendant removed the action to this court on October 6, 2016. In the notice of lawsuit and request for waiver of service of summons, Plaintiff certified that he sent a copy of his Complaint and the waiver of service form to Defendant on August 25, 2016. (Doc. 6-1 at 1.) However, the waiver of service of summons form was not signed and dated by Vermont Department of Corrections Commissioner Lisa Menard or her representative.

On September 15, 2016, the Prisoners' Rights Office sent Plaintiff a letter stating it had reviewed his Complaint and determined not to represent him or pay for assigned counsel. It further informed Plaintiff that he was "responsib[le] as a pro se plaintiff to effect service of the Summons and Complaint upon the [D]efendant[]" and instructed him to provide the court with proof of service once it was completed. (Doc. 8 at 1.)

Approximately nineteen months later, on May 25, 2018, the Magistrate Judge entered an Order recounting Plaintiff's obligation to serve Defendant "within 90 days upon the removal of the case to federal court." (Doc. 10.) The Magistrate Judge observed that "[a]s this 90 day-period has passed in this case, the [c]ourt ORDERS Plaintiff to show cause for Plaintiff's failure to serve the [D]efendant[]" within fourteen days of the Order or his Complaint may be dismissed. *Id.* A review of the docket reveals no further filings have been received from Plaintiff as of the date of this Order.

"The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). As the Magistrate Judge correctly noted, pursuant to Fed. R. Civ. P. 4, Plaintiff was required to serve Defendant with a copy of his Complaint "within 90 days after the complaint is filed[.]" Fed. R. Civ. P. 4(m). Although where "the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915[,] . . . the court may order that service be made by a United States marshal or

2

deputy marshal or by a person specially appointed by the court[,]" the facts of this case do not warrant an extension of time for service. Fed. R. Civ. P. 4(c)(3). Plaintiff has not prosecuted his lawsuit since filing his Complaint on September 8, 2016. He has not requested permission from this court to proceed *in forma pauperis* or sought an extension of time for serving Defendant. He also failed to respond to the court's May 25, 2018 Show Cause Order within fourteen days or thereafter notwithstanding the Magistrate Judge's warning that failure to respond would result in a dismissal of his Complaint.

For the foregoing reasons, Plaintiff's Complaint must be dismissed for lack of service and failure to prosecute. *See Njasang Nji v. Tryon*, 308 F.R.D. 89, 91 (W.D.N.Y. 2015) (collecting cases dismissing complaints where "a plaintiff has failed to take any action on his or her case for a substantial period of time[]" and "based on the plaintiff's failure to effectuate service on named defendants"). The dismissal shall be without prejudice and Plaintiff is advised that a statute of limitations is likely to apply to his claims requiring them to be filed within the timeframe allotted or be barred.

## CONCLUSION

For the foregoing reasons, the court hereby ADOPTS the Magistrate Judge's R & R (Doc. 11) as the court's Order and Opinion, and DISMISSES WITHOUT PREJUDICE Plaintiff's Complaint. (Doc. 6.)
SO ORDERED.

Dated at Burlington, in the District of Vermont, this 1st day of November, 2018.

Christina Reiss, District Judge
United States District Court

3